Matter of Rausher (2018 NY Slip Op 05930)





Matter of Rausher


2018 NY Slip Op 05930


Decided on August 29, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2016-10264

[*1]In the Matter of Daniel E. Rausher, admitted as Daniel Eric Rausher, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Daniel E. Rausher, respondent. (Attorney Registration No. 1911791)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 28, 1984, under the name Daniel Eric Rausher. A disciplinary proceeding was commenced against the respondent pursuant to 22 NYCRR 1240.8 by service of a notice of petition and verified petition dated September 27, 2016, containing eight charges of professional misconduct. The respondent failed to file a required answer to the verified petition within the time frame set forth in the notice of petition. By decision and order of this Court dated May 9, 2017, upon the respondent's filing of a late answer, the Grievance Committee's motion to deem the charges established based on the respondent's default in filing an answer was denied. Upon the parties filing a joint stipulation of undisputed facts and a request for the appointment of a Special Referee to conduct a hearing, this Court, by decision and order on application dated July 20, 2017, appointed the Honorable Abraham G. Gerges, as Special Referee, to hear and report.



Diana Maxfield Kearse, Brooklyn, NY (Sharon Gursen Ades of counsel), for petitioner.
Michael S. Ross, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated September 27, 2016, containing eight charges of professional misconduct. After a prehearing conference on September 26, 2017, and a hearing on October 3, 2017, the Special Referee issued a report, which sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent supports the motion to confirm, and asks that the Court impose a sanction no greater than a public censure.
Charge One 
Charge one alleges that the respondent failed to cooperate with the Grievance Committee's investigations of three complaints filed against him, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
1. Complaint of Dmitri Milman 
By letter dated March 13, 2015, the Grievance Committee notified the respondent that it had opened an investigation into a complaint filed by Dmitri Milman, who alleged, inter alia, that the respondent had neglected to timely disburse settlement funds that were due to Milman. The Grievance Committee provided a copy of the Milman complaint with the letter and directed the respondent to submit a written answer within 10 days of his receipt thereof. Although granted an extension of time until May 15, 2015, the respondent failed to comply. Despite subsequent letters dated May 27, 2015, and July 10, 2015, sent by regular and certified mail, return receipt requested, and postal confirmation that the respondent received those letters, the respondent failed to submit an answer or request additional time in which to do so.
By letter dated August 18, 2015, the Grievance Committee advised the respondent that he was scheduled for an examination under oath on September 24, 2015. The letter also demanded that the respondent submit his written answer to the Milman complaint by August 31, 2015, together with his explanation for his failure to cooperate. The respondent failed to submit an answer or request additional time in which to do so. At the respondent's request, the examination under oath was adjourned until October 7, 2015. By letter dated September 22, 2015, sent by regular and certified mail, return receipt requested, the Grievance Committee confirmed the adjourned date, and directed the respondent to submit his written answer to the complaint no later than October 7, 2015. Postal records confirmed that the respondent received the letter on September 24, 2015.
On October 7, 2015, the respondent appeared at the Grievance Committee's offices for the examination under oath, but failed to submit a written answer to the complaint. On that date, the respondent agreed that he would submit, inter alia, his answer to the Milman complaint by October 15, 2015. By letter dated October 7, 2015, sent by regular and certified mail, return receipt requested, the Grievance Committee confirmed the agreed-upon date of October 15, 2015; however, the respondent did not submit his answer until October 21, 2015.
2. Complaint of Eugene Nathanson 
By letter dated July 6, 2015, the Grievance Committee notified the respondent that it had opened an investigation into a complaint filed by Eugene Nathanson, on behalf of Janice DeYoung, who alleged, inter alia, that the respondent had neglected a legal matter in which he represented DeYoung. The Grievance Committee provided a copy of the complaint with the letter and directed the respondent to submit a written answer within 10 days of his receipt thereof. The respondent failed to comply.
By letter dated August 18, 2015, sent by regular and certified mail, return receipt requested, the Grievance Committee demanded that the respondent submit a written answer to the Nathanson complaint, together with an explanation for his failure to cooperate with the investigation, by August 31, 2015. Despite postal confirmation that the respondent received the letter, the respondent failed to comply. By letter dated September 22, 2015, sent by regular and certified mail, return receipt requested, the Grievance Committee demanded that the respondent submit a written answer to the complaint no later than October 13, 2015. Postal records confirmed that the respondent received the letter on September 24, 2015.
On October 7, 2015, at his appearance before the Grievance Committee, the respondent agreed that he would submit, inter alia, his answer to the Nathanson complaint by October 15, 2015. By letter dated October 7, 2015, sent by regular and certified mail, return receipt requested, the Grievance Committee confirmed the agreed-upon date of October 15, 2015; however, the respondent did not submit his answer until October 20, 2015.
3. Complaint of Zbigniew Jurga 
By letter dated August 4, 2015, sent by first class and certified mail, return receipt requested, the Grievance Committee notified the respondent that it had opened an investigation into a complaint filed by his client Zbigniew Jurga, who alleged, inter alia, that the respondent had neglected his legal matter. The Grievance Committee provided a copy of the complaint with the letter and directed the respondent to submit a written answer within 10 days of his receipt thereof. Postal records confirmed that the respondent received the letter, but the respondent failed to comply.
By letter dated September 22, 2015, sent by regular and certified mail, return receipt requested, the Grievance Committee demanded that the respondent submit a written answer to the Jurga complaint no later than October 13, 2015. Postal records confirmed that the respondent received the letter on September 24, 2015.
On October 7, 2015, at his appearance before the Grievance Committee, the [*2]respondent agreed that he would submit, inter alia, his answer to the Jurga complaint by October 15, 2015. By letter dated October 7, 2015, sent by regular and certified mail, return receipt requested, the Grievance Committee confirmed the agreed-upon date of October 15, 2015; however, the respondent did not submit his answer until October 21, 2015.
Charges Two Through Eight 
Charge two alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about the end of 2008, the respondent was retained to represent DeYoung in a legal matter. In or about September 2010, the respondent commenced an action for DeYoung. In or about July 2011, the respondent forwarded to DeYoung a draft bill of particulars. Thereafter, the respondent took no further action on DeYoung's case.
Charge three alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about August 2012, the respondent was retained to represent Milman in a legal matter. On or about February 6, 2013, the respondent settled Milman's case for $100,000. The respondent failed to disburse the bulk of the settlement proceeds to Milman until on or about October 20, 2015.
Charge four alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about the late 1990's, the respondent was retained to represent Jurga in a legal matter. As of in or about July 2015, the respondent failed to conclude Jurga's case.
Charge five alleges that the respondent failed to promptly comply with a client's reasonable request for information, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about the end of 2008, the respondent was retained to represent DeYoung in a legal matter. Between in or about March 2011 through at least in or about December 2014, DeYoung and Nathanson, on behalf of DeYoung, inquired of the respondent about the status of DeYoung's case. Between in or about March 2011 through at least in or about July 2015, the respondent failed to respond to either DeYoung's or Nathanson's inquiries.
Charge six alleges that the respondent failed to promptly comply with a client's reasonable request for information, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about 2010, the respondent was retained to represent Doreen Nahari in a legal matter. From in or about late 2012 through at least in or about March 2014, Nahari made numerous inquiries to the respondent about the status of her case. The respondent failed to respond to Nahari's inquiries.
Charge seven alleges that the respondent failed to promptly comply with a client's reasonable request for information, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about August 2012, the respondent was retained to represent Milman in a legal matter. On or about February 6, 2013, the respondent settled Milman's case for $100,000. Thereafter, Milman called and wrote to the respondent about his funds, but the respondent failed to respond to Milman's inquiries.
Charge eight alleges that the respondent failed to promptly comply with a client's reasonable request for information, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about the late 1990's, the respondent was retained to represent Jurga in a legal matter. Thereafter, Jurga made numerous attempts to contact the respondent to ascertain the status of his case, but the respondent failed to respond to Jurga's inquiries.
Findings and Conclusion 
Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
The respondent has a prior disciplinary history consisting of four Admonitions and two Letters of Caution.
In seeking leniency, the respondent asks that the Court take into consideration the following mitigating factors: he accepts full responsibility for his actions and is genuinely remorseful; during the period 2015 to 2016, he suffered from significant health issues, including a life-threatening infection that required surgery; his situation was exacerbated by other personal problems (an emergency office relocation and the need to care for his elderly mother, who suffered injuries as a result of a fall); he has undertaken remedial steps to prevent the recurrence of neglect [*3]by hiring additional staff, reducing his caseload, and investing in office equipment to better maintain communications with his clients; he possesses a stellar reputation in the Bar for his skills as a trial lawyer; he has for many years contributed significantly to the Bar by giving CLE lectures on a regular basis and sharing information in other types of forums, making him an asset to the legal community; and he has a reputation as a skilled and zealous advocate, to whom others refer difficult cases.
The respondent's disciplinary history is an aggravating factor. We note, however, that the vast majority of the instances of the respondent's past neglect consisted of a failure to keep his clients apprised of the status of their cases.
Under the totality of the circumstances, including the extraordinary mitigation in this case, we find that a public censure is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that pursuant to 22 NYCRR 1240.8(b), the respondent, Daniel E. Rausher, admitted as Daniel Eric Rausher, is publicly censured.
ENTER:
Aprilanne Agostino
Clerk of the Court